**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DAVID ORLANDO VISBAL ROMAN,

Petitioner,

v. Case No. 3:26-cv-2081-WWB-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner, a native and citizen of Venezuela, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1 at 2). Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at the North Florida Detention Facility. (*Id.* at 1). Petitioner argues that his mandatory detention under 8 U.S.C. § 1225 is unlawful and he is entitled to a bond hearing; he has received inadequate medical treatment during his detention; and his detention violates his substantive and procedural due process rights. (*See generally id.*).

Federal Respondents filed a Response (Doc. 7) with exhibits (Doc. 7-1). According to Federal Respondents, Petitioner is under a final order of removal, and thus his detention "falls under the guise of *Zadvydas v. Davis*, [533 U.S. 678 (2001).]" (Doc. 7 at 1). They also argue that any *Zadvydas* claim is premature; and to the extent he challenges his access to medical care, a habeas petition is not the proper avenue to address that claim. (*Id.* at 4).

The record shows that Petitioner is subject to a final order of removal. (Doc. 7-1 at 4–6). As such, § 1225 is inapplicable as Petitioner's detention is governed by 8 U.S.C. § 1231; and any challenge to the duration of his detention is subject to the purviews of *Zadvydas*. In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. 533 U.S. at 701. The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

The "removal period" begins on the latest of three dates: (1) the date on which the order of removal becomes administratively final; (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order"; or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *See* 8 U.S.C.

§ 1231(a)(1)(B); *see also* 8 C.F.R. § 1241.1(a)–(f) (outlining the procedural circumstances that render a removal order final). The Attorney General must detain an alien during his removal period. *See* 8 U.S.C. § 1231(a)(2).

Here, an immigration judge ordered Petitioner removed on June 24, 2026. (Doc. 7-1 at 4–5). Although Petitioner reserved his right to appeal the decision, he did not initiate any such appeal. (*Id.* at 4, 6). Thus, Petitioner's "removal period" for purposes of *Zadvydas* began on June 24, 2026. At the time Petitioner filed his Petition on August 9, 2026, he had been in post-removal-order ICE custody for 46 days (excluding the date on which the Petition was filed). Thus, any claim under *Zadvydas* is not yet ripe and is dismissed without prejudice as premature. Likewise, because Petitioner is within his removal period, he is not entitled to a bond hearing as his detention is mandatory. *See* 8 U.S.C. § 1231(a)(2).

Also, to the extent Petitioner seeks to raise a freestanding procedural or substantive due process claim, the Court notes that when the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. *Zadvydas*, 533 U.S. at 701. So, until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Thus, any independent due process claim fails.

Finally, insofar as Petitioner complains about the conditions of his confinement and the lack of medical care he is receiving, such claims may be properly raised in a civil rights complaint—not a habeas petition. *See generally Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement. And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim." (citations omitted)). Thus, this case is dismissed.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) and this case are **DISMISSED without prejudice**.
2. The Warden's Motion to Dismiss (Doc. 9) is **DENIED as moot**.
3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C: David Orlando Visbal Roman, A243014529
Counsel of record